IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINCY GARRETT | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-3463 |
| | § | |
| GRANT PRIDECO, L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a personal injury case. On October 9, 2008, Quincy Garrett sued Grant Prideco, Inc., in Texas state court based on on-the-job injuries he sustained on August 5, 2008. Garrett, a Texas resident, alleged that he was working near an electrical box on Grant Prideco, Inc.'s property when water leaked from the roof onto the box, causing him to receive a severe electrical shock that knocked him onto his back. Garrett alleged that his injuries were caused by Grant Prideco, Inc.'s negligence. Grant Prideco, L.P., a Delaware limited partnership whose general partner is Grant Prideco, Inc., filed a notice of removal on November 21, 2008. (Docket Entry No. 1). The notice stated that removal was based on diversity jurisdiction and federal-question jurisdiction. (*Id.*). Grant Prideco, L.P. asserted that it was Garrett's employer and that Garrett had incorrectly named Grant Prideco, Inc. as the defendant. Grant Prideco, L.P. ("Grant Prideco") asserted that the requirements of diversity jurisdiction were met and that federal-question jurisdiction was proper because Garrett's negligence claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. In 2007, Garrett had signed a "Workplace Injury Plan Enrollment and Arbitration Agreement" under which he elected to "receive Plan benefits in the

event of an on-the-job injury" and agreed that all "claims related to or arising from any workplace injury or the plan . . . are subject to binding arbitration." (Docket Entry No. 15, Ex. B). After removal, Grant Prideco moved to compel arbitration. (Docket Entry No. 7).

Garrett moved to remand, (Docket Entry No. 8), and moved for an extension of time to conduct discovery on diversity jurisdiction, (Docket Entry No. 9). Garrett sought additional time to determine the "proper identity of [his] employer at the time of the incident and if there were any other proper parties to the lawsuit." (Docket Entry No. 18). This court granted the motion for extension and gave Garrett until March 30, 2009 to file a supplemental motion on the alleged lack of diversity jurisdiction. (Docket Entry No. 11). Garrett responded to the motion to compel arbitration, (Docket Entry No. 14), and Grant Prideco responded to the remand motion, (Docket Entry No. 15). Grant Prideco asserted that this court could order the parties to arbitration without waiting to rule on the motion to remand for lack of diversity jurisdiction because this court has federal-question jurisdiction based on ERISA preemption. (*Id.*).

On March 9, 2009, this court granted Garrett's unopposed motion to add Fuqua Construction Co., Inc. and Gritex Electric, Co. as additional defendants. (Docket Entry No. 19). In discovery, Grant Prideco identified Fuqua Construction and Gritex Electric as contractors who performed work on the Grant Prideco premises and asserted that they were responsible for creating the water leak in the roof. (Docket Entry No. 18). It is undisputed that Fuqua Construction and Gritex Electric are Texas residents. This court allowed Garrett to add these nondiverse defendants, finding that the factors set forth in *Hensgens v. Deere & Co.*, 833 F.3d 1179, 1182 (5th Cir. 1987), were met.[1]

---

[1] In balancing the original defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation, a court considers: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for

Diversity jurisdiction is lacking and this court will only consider whether it has federal-question jurisdiction based on ERISA preemption.

Based on a careful review of the pleadings, the motions and responses, and the applicable law, this court grants Garrett's motion to remand and denies Grant Prideco's motion to compel arbitration as moot, without prejudice to reurge in state court. The reasons for these rulings are explained below.

**I.      The Legal Standards**

   **A.      Removal**

A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court."). Doubts about the propriety of removal are to be resolved in favor of remand.

---

amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182.
   Garrett did not learn the identity and potential responsibility of Fuqua and Gritex until it received this information in discovery responses from Grant Prideco on February 9, 2009. Garrett was not dilatory in seeking leave to amend; the motion was filed on March 5, 2009. The claims against the nondiverse defendants arise from the same set of facts and circumstances as the claims against Grant Prideco. *See Tujague v. Atmos Energy Corp.*, No. 05-2733, 2008 WL 489556, at *4 (E.D. La. Feb. 20, 2008) (finding a significant risk of substantial injury if the plaintiff was not permitted to add a nondiverse defendant in part because the existing claim and the claim against the nondiverse party arose "from the same set of facts and circumstances"); *Riddley v. Walgreen Co.*, No. 3:07CV687TSL-JCS, 2008 WL 352549, at *4 (S.D. Miss. Feb. 7, 2008) (finding a risk of significant injury if amendment were not allowed because plaintiff would be required to litigate separate actions in two forums seeking the same relief from the same factual scenario). Garrett's motion for leave to add Fuqua Construction and Gritex Electric meets the *Hengsens* factors and outweighs Grant Prideco's interest in a federal forum based on diversity jurisdiction.

*Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

### B. ERISA Preemption

A civil action filed in state court is removable to federal court if the claim is one "arising under" federal law. 28 U.S.C. §§ 1331, 1441(a). Under the "well-pleaded complaint" rule, the plaintiff is generally entitled to remain in state court if the complaint does not affirmatively allege a federal claim on its face. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). To support removal, a right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

An exception to the well-pleaded complaint rule allows removal if the case "falls within the narrow class of cases to which the doctrine of 'complete preemption' applies." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004), *cert. denied*, 546 U.S. 813, 126 S.Ct. 336, 163 L.Ed.2d 48 (2005) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Anderson*, 539 U.S. at 8.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit

4

plans." *Davila*, 541 U.S. at 208.  There are two sections of ERISA that might operate to preempt a party's state law cause of action: § 514(a) and § 502(a).  *See Woods v. Texas Aggregates*, *LLC*, 459 F.3d 600, 602 (5th Cir. 2006).  Section 514(a) states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. § 1444(a).  The Supreme Court has stated that a law "relates to" an employee benefit plan and is preempted if it has a connection with or reference to the plan.  *Shaw v. Delta Air Lines*, *Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).  This "purely semantic approach cannot be taken to its logical extreme, however."  *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir. 1990).  "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."  *Shaw*, 463 U.S. at 100 n. 21.  Accordingly, "the preemption clause of ERISA must be read in context with the Act as a whole, and with Congress's goal in creating an exclusive federal enclave for the regulation of benefit plans."  *Memorial*, 904 F.3d at 244.

To determine whether a state law relates to a plan for purposes of ERISA preemption under §514(a), courts in the Fifth Circuit ask "'(1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries.'"  *McAteer v. Silverleaf Resorts*, *Inc.*, 514 F.3d 411, 417 (5th Cir. 2008) (quoting *Woods*, 459 F.3d at 602); *see also Hook v. Morrison Milling Co.*, 38 F.3d 776, 781 (5th Cir. 1994).

Section 502(a) of ERISA, the statute's civil-enforcement provision, provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under

the terms of his plan . . . ." 29 U.S.C. § 1132(a). This provision has "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Pascack Valley Hosp.*, 388 F.3d at 399-400 (quoting *Davila*, 542 U.S. at 209). State-law actions within the scope of § 502(a) are recharacterized as federal claims and are removable to federal court. *Pascack Valley Hosp.*, 388 F.3d at 399-400 (citations omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). The recharacterization of a plaintiffs state-law claims provides a basis for federal removal jurisdiction. *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 499 (5th Cir. 1999).

In its most recent analysis of ERISA preemption, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), the Supreme Court held that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. at 210 (internal quotations and citation omitted).

**II.    Analysis**

Grant Prideco argues that this court has federal-question jurisdiction because Garrett's claims are preempted by ERISA. Under the "Workplace Injury Plan," Grant Prideco is obligated to, among other things, pay medical and wage benefits to employees who sustain on-the-job injuries. Grant Prideco contends that Garrett's claims in this lawsuit relate to the ERISA plan because he will seek

6

reimbursement for medical bills and lost wages that are payable under the Plan. Grant Prideco argues that the fact that Garrett has "phrased" his claims "in terms of traditional tort damages, rather than a claim for Plan benefits" does not mean that his claims do not relate to the Plan.

Garrett argues that because he has only asserted a negligence claim against Grant Prideco, this suit does not relate to the Workplace Injury Plan. Garrett points to Fifth Circuit decisions holding that a common law negligence claim alleging an unsafe workplace does not relate to an employer's ERISA plan and is not preempted by ERISA. Garrett contends that Grant Prideco has failed to meet its burden to establish federal-question jurisdiction because the facts of this case are indistinguishable from those decisions.

The law is clear in the Fifth Circuit that a common-law negligence claim against an employer does not "relate to" and is not preempted by § 514(a) of ERISA. In *Hook*, the plaintiff sued her employer in state court, claiming that it negligently failed to maintain a safe work place. 38 F.3d at 779. After the employer removed to federal court, the plaintiff moved to remand on the basis that the negligence action was governed by state law. *Id.* The district court granted the motion, holding that the negligence action was not preempted by ERISA because it did not relate to the employer's ERISA plan. *Id.* The Fifth Circuit affirmed, holding that the plaintiff's common law negligence claim did not "relate to" the ERISA plan and was therefore not preempted. *Id.* at 786. The court emphasized that the negligence claim affected only the employer/employee relationship and not the administrator/beneficiary relationship. *Id.* at 783. The negligence claim was therefore independent from the existence and administration of the ERISA plan. *Id.* at 784. The court further explained that the plaintiff neither sought benefits under the plan nor claimed that her employer improperly processed her claim for benefits. *Id.* She sought only damages for her employer's negligent

7

maintenance of its workplace. *Id.* The Court concluded that "ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though . . . the claim relies on the details of the plan." *Id.*; *see also Woods*, 459 F.3d at 601 (holding that ERISA does not preempt state law negligence claims for failure to maintain a safe workplace); *Holloway v. Avalon Residential Care Homes*, *Inc.*, 107 Fed. Appx. 398, 400-01 (5th Cir. 2004) (unpublished) (same); *Texas Health Enter.*, *Inc. v. Reece*, 44 F.3d 243, 244–45 (5th Cir. 1994) ("[A]n employee's common law occupational injury claims . . . do not relate to an employer's ERISA plan.").

Federal district courts in Texas have followed *Hook* and granted motions to remand in similar cases, holding that ERISA does not preempt negligence claims against an employer for failing to maintain a safe workplace. *See Ortiz v. Dicex Intern.*, *Inc.*, 2007 WL 3273442, at * (S.D. Tex. July 24, 2007); *Portillo v. Convalescent Enterprises*, *Inc.*, 2005 WL 1796146, at *3 (W.D. Tex. Jul 28, 2005); *Campuzano v. R.R. Hall Inc.*, 2004 WL 2479920, at *3 (N.D. Tex. Nov 02, 2004); *Noyola v. Oasis Car Wash*, *Inc.*, 220 F.Supp.2d 638, 640 (E.D.Tex. Jun 14, 2002); *McMullen v. Pilgrim's Pride Corp.*, 120 F.Supp.2d 614, 615 (E.D. Tex. 2000). And the Fifth Circuit has found reversible error when a plaintiff brings only a negligence claim against his employer and the court finds ERISA preemption, denies a motion to remand, and orders arbitration as provided by the employer's ERISA plan. *See Woods*, 459 F.3d at 601.

The vitality of *Hook* was recently confirmed in *McAteer*, in which the Fifth Circuit held that "[s]tate law negligence claims for failing to maintain a safe workplace are not preempted by ERISA, even if the employee signed a waiver of such claims in order to participate in an ERISA plan." 514 F.3d at 417. In *McAteer*, the plaintiff sued her employer in negligence for a job-related injury and

relied on *Hook* to argue that her claims were not preempted. The employer argued that *Hook* was overruled by *Davila*, in which the Supreme Court reversed the Fifth Circuit's holding that certain state law claims were not preempted by ERISA. *Id.* at 418. The Supreme Court held in *Davila* that "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. at 210. The *Davila* plaintiffs claimed that ERISA plan administrators failed to use ordinary care when making medical treatment decisions. The Supreme Court determined that the plaintiffs "complain[ed] only about denials of coverage promised under promised under the terms of ERISA-regulated employee benefit plans." *Id.* at 211. The Court recognized the defendants' duty of ordinary care under Texas law but concluded that the duty was not independent of the ERISA plans because whether the administrators negligently declined to pay for certain medical treatments under Texas law depended on whether the ERISA plans provided for such coverage. *Id.* at 213. The Supreme Court criticized the Fifth Circuit for "focusing on the distinction between a tort claim and a contract claim, stating that the label of a cause of action is not determinative." *McAteer*, 514 F.3d at 418. In *McAteer*, the Fifth Circuit distinguished the facts of *Davila*, concluding that "simply because the tort claims in *Davila* were preempted by ERISA does not mean that all tort claims are similarly preempted." *Id.* The court noted that under the rule set forth in *Davila*, the pertinent considerations are whether a plaintiff's claims could have been brought under ERISA and whether those claims arise from a legal duty independent of ERISA. *Id.* The Fifth Circuit recognized that under *Hook*, "state law negligence claims for failing to maintain a safe workplace are independent of ERISA" and held that this rule is faithful to the *Davila* preemption analysis. *Id.* And the court

9

noted that it had continued to apply *Hook* post-*Davila*, quoting *Woods*, 459 F.3d at 601, for the proposition that "*Hook* remains good law." *Id.*

As in *Hook* and *McAteer*, Garrett's claim for negligent failure to provide a safe workplace and related negligence claims implicate only Garrett's employer/employee relationship and not his administrator/beneficiary relationship with Grant Prideco. Garrett's negligence causes of action would exist regardless of whether Grant Prideco had, or did not have, an ERISA plan. *See David P. Coldesina*, *D.D.S.*, *P.C. v. Estate of Simper*, 407 F.3d 1126, 1137 (10th Cir. 2005) (holding that "a claim only falls within ERISA's civil enforcement scheme when it is based solely on legal duties created by ERISA or the plan terms, rather than some other independent source") (citing *Davila*, 124 S.Ct. at 2496). The claims are completely independent of the existence and administration of the ERISA plan. Accordingly, Garrett's negligence claim does not relate to Grant Prideco's ERISA plan and is not preempted by § 514(a).

Nor does § 502(a) of ERISA mandate preemption in this case. In *Woods*, the Fifth Circuit held that § 502 does not call for preemption of a state law negligence claim for failing to maintain a safe workplace. 459 F.3d at 601. The plaintiff sued his employer in state court, alleging injuries as a result of the negligent maintenance of his workplace. The employer did not participate in a workers' compensation system, but instead maintained a benefits plan governed by ERISA. *Id.* The employer removed to federal court, arguing that the plaintiff sought damages that duplicated the benefits available under its benefits plan and were thus preempted by ERISA. *Id.* The district court denied the plaintiff's motion to remand, ordered arbitration under the plan, and dismissed the case. The Fifth Circuit reversed. *Id.* at 604. The court first held that the state law negligence claim did not "relate to" the ERISA plan and was not preempted by § 514(a). *Id.* at 602-03. The court then

10

examined the language of § 502(a), concluding that it encompasses claims to "recover," "enforce," or "clarify" benefits owed an employee under an ERISA plan. *Id.* These claims, according to the court, will rarely differ from the claims that "relate to" an ERISA plan under § 514(a). *Id.* The court stated:

> By this suit Woods does not seek to recover benefits due him under the plan, to enforce his rights under it, or to clarify his rights to future benefits under it. Rather, he hopes to recover damages for injuries he suffered as a result of Texas Aggregates' alleged breach of its duty to provide him with a safe workplace. His cause of action would exist, in precisely the same form as it was pleaded in state court, even if there were no such thing as the Texas Aggregates ERISA plan. ERISA does not preempt such claims.

*Id.* at 604. Because no federal question was presented, the district court did not have jurisdiction to order arbitration. *Id.* The Fifth Circuit vacated and remanded to the district court, instructing it to remand the case to state court. *Id.*

Grant Prideco argues that this case is distinguishable from *Hook*, *Woods*, and *McAteer* because Garrett "appears to claim entitlement to medical bills and lost wages arising from the accident made the basis of this suit." (Docket Entry No. 15, at 6). Similar arguments have been rejected by the Fifth Circuit. *See Woods*, 459 F.3d at 603 n.3 (holding that negligence suits that have "a legal and factual basis independent of any ERISA plan" "are not preempted merely because they seek damages that might also be available in the form of plan benefits"); *see also Acevedo v. Heredia*, No. SA-04-CA-452-XR, 2004 WL 1303668, at *2 (W.D. Tex. June 9, 2004) ("Although Defendants argue that ERISA preempts Plaintiff's claims because he seeks medical care and expenses, which would be available under the plan, this same argument was advanced and rejected [by the Fifth Circuit in *Hook*]."). Garrett's negligence claim has "a legal and factual basis independent of any ERISA plan" and preemption does not apply merely because he seeks medical

and lost wage benefits. As in *Woods*, there is no basis to conclude that § 502(a) of ERISA preempts Garrett's damages claim based on injuries he suffered as a result of Grant Prideco's alleged negligence.

Grant Prideco's argument that this case is distinguishable from *Hook*, *Woods*, and *McAteer* because the Workplace Injury Plan Enrollment contains an arbitration provision is similarly unpersuasive. The Fifth Circuit has held that a waiver of the right to sue contained in an ERISA plan does not mean that the plaintiff's negligence claims "relate to" the plan and are therefore preempted by ERISA. In *Hook*, the court held that "a common law negligence claim which alleges only that an employer failed to maintain a safe workplace does not 'relate to' an ERISA plan merely because the employer has inserted a waiver of the right to bring such a claim into its ERISA plan." 38 F.3d at 786. The argument that a plaintiff's "cause of action is preempted because the waiver, as part of the plan, relates to [plaintiff's] claim" "turns ERISA preemption analysis on its head." *Id.* at 785. The court observed that "[i]f an employer, for example, crafts an ERISA plan that conditions eligibility on employees waiving their right to sue the employer for gross negligence or intentional torts and an employee subsequently sues the employer for assault and battery, the employee's suit would be preempted, even though the suit has nothing to do with the ERISA plan." *Id.* The court held that "a law or claim is preempted when *it* relates to an ERISA plan, and not the reverse." *Id.* (emphasis in original); *see also McAteer*, 514 F.3d at 417–18 (holding that negligence claim was not preempted by ERISA where employer's plan was "the exclusive avenue of relief for on-the-job injuries" and offered "no-fault benefits to employees in the event of a job-related injury and require[d] arbitration of any disputes regarding benefits").

In the present case, finding that Garrett's claim relates to the ERISA plan because the plan

modified his right to sue by requiring arbitration would "turn[] ERISA preemption analysis on its head." The rationale underlying the rule set forth in *Hook* in the context of a waiver of the right to sue is no different for a provision requiring arbitration. The fact that Garrett sued Grant Prideco despite the arbitration clause in the Workplace Injury Plan does not mean that his common-law negligence claim has anything to do with the plan. The arbitration provision does not transform the negligence claim such that it relates to plan benefits or the administrator/beneficiary relationship. The basis for the negligent failure to maintain a safe workplace claim is still factually and legally independent of the ERISA plan. Garrett's claim is not preempted by ERISA and this court lacks federal-question jurisdiction.

## III.    Conclusion

This case is remanded to the 12th Judicial District Court of Grimes County, Texas. Because this court lacks subject-matter jurisdiction, Grant Prideco's motion to compel arbitration is denied as moot, without prejudice to reurge it in state court.

SIGNED on April 27, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge